# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| TASHA L. WOODARD-CHARITY, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-11-3555 |
| KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.'s Motion for Sanctions Against Plaintiff Tasha L. Woodard-Charity, ECF No. 46. *Pro se* Plaintiff Tasha L. Woodard-Charity has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2. I find that a hearing is unnecessary in this case. *See* D. Md. Loc. R. 105.6. For the reasons stated herein, Defendant's Motion for Sanctions is GRANTED, and Plaintiff's case is DISMISSED, with prejudice.

## I.   BACKGROUND

Plaintiff, initially represented by counsel, filed a twelve-count complaint, stating various causes of action stemming from alleged racial and disability discrimination and retaliation. Compl. ¶¶ 233–97, ECF No. 1.

Defendant propounded interrogatories and requests for production of documents on Plaintiff on January 8, 2013. Def.'s Mem. 1, ECF No. 38-1. Plaintiff did not respond. On

March 13, 2013, Defendant filed a motion to compel discovery responses from Plaintiff, ECF No. 25, and Plaintiff's counsel filed a motion to withdraw as counsel, noting that Plaintiff had been unresponsive to Defendant's discovery requests, despite counsel's requests that she respond. Pl.'s Counsel's Mot. to Withdraw ¶¶ 2–3, ECF No. 26. On March 18, 2013, the Court granted Plaintiff's counsel's motion. ECF No. 28.

By letter order on March 29, 2013, the Court scheduled a conference call for April 15, 2013 to address Plaintiff Alicia Daniels's request for an extension of the discovery deadlines. ECF No. 30. The Court sent the letter order via certified mail to Ms. Woodard-Charity's last-known address, 127 Finsbury Street, Durham, North Carolina 27703. Docket entry. Defendant sent a letter to Ms. Woodard-Charity at the same address on April 9, 2013, to provide her with call-in information for the conference call. ECF No. 32. The Court issued a letter order on April 9, 2013, directing the parties to review the Discovery Order in this case, ECF No. 33-1, and referencing the April 15, 2013 conference call. ECF No. 33. Again, the Court sent the letter order via certified mail to Ms. Woodard-Charity's last-known address. Docket entry. Nonetheless, Ms. Woodard-Charity did not participate in the April 15, 2013 conference call or otherwise respond to Defendant's discovery requests or the Court's orders.

Consequently, on April 15, 2013, the Court issued an Order granting Defendant's motion to compel and compelling Plaintiff to provide fully responsive and complete answers to Defendant's interrogatories and a response to Defendant's request for production of documents within twenty-one days. Apr. 15, 2013 Ltr. Order 1, ECF No. 36. Additionally, the Court cautioned Plaintiff that, if she failed to provide these discovery responses as the Court ordered, she could be "**subject . . . to sanctions including, if appropriate, sanctions under Fed. R. Civ.**

**P. 37(b), which would include dismissal of the case**." *Id.* (emphasis in original). The Court sent the Order to Plaintiff via certified mail to Plaintiff's last-known address. Docket entry.

Defendant filed its initial Motion for Sanctions on May 10, 2013. ECF No. 38. Although Ms. Woodard-Charity failed to respond to Defendant's motion, I denied the motion without prejudice on June 13, 2013 because it was not accompanied by a Certificate of Good Faith, as required by Local Rule 104.7. ECF No. 43. Defendant re-filed its motion on June 28, 2013, accompanied by a Certificate of Good Faith. ECF Nos. 46 & 46-3. Defense counsel certified that he informed Plaintiff by letter on June 17, 2013 that Defendant "would file a motion for sanctions if Ms. Woodard-Charity did not contact [Defense counsel] by June 24, 2013." Certif. of Good Faith ¶ 4; Def.'s Mot. Ex. 1, ECF No. 46-2. Additionally, Defense counsel left voice mail for Ms. Woodard-Charity on June 18, 2013, in which he asked that Plaintiff call him "regarding her discovery responses and [the potential] motion for sanctions." Certif. of Good Faith ¶ 5. Plaintiff did not respond. *Id.* ¶ 6. Defendant asks the Court to dismiss Ms. Woodard-Charity's Amended Complaint with prejudice "due to her complete failure to comply with the Corut's order compelling Woodard-Charity to answer Kaiser's discovery requests," and to award Defendant "reasonable expenses, including attorneys' fees." Def.'s Mot. 1. Plaintiff has not opposed the motion and therefore has failed to provide any justification for not providing any discovery responses.

## II.  DISCUSSION

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) provides that the

court may "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice cased the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g.*, *Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98-2438, 1999 WL 52144 (E.D. La. Jan. 28, 1999) (analyzing facts under Fed. R. Civ. P. Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition). The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

Here, with regard to the first factor under both tests, the plaintiff's bad faith or personal responsibility, Plaintiff failed to respond to Defendant's discovery requests or to justify her failure to respond, even after the Court ordered her to respond by a set date. Apr. 15, 2013 Order 1. "Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v.*

*Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.* In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents." *Id.* Similarly, Ms. Woodard-Charity has demonstrated her bad faith by failing to comply with the April 15, 2013 Order compelling the same, and more broadly by essentially abandoning her claim in this Court, not only by refusing to provide requested and ordered discovery, but also by ceasing all efforts to prosecute her own claim. Plaintiff's conduct in this case demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that Plaintiff acted in bad faith.

As noted, the second factor is the prejudice caused Defendant, for which I must consider whether the evidence withheld is material. *Id.* Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), Defendant has suffered significant prejudice as a result of Plaintiff's continued noncompliance with discovery requests. The evidence sought by Defendant's initial discovery request goes to the heart of Plaintiff's claim and it cannot be disputed that Plaintiff's failure to answer even a single interrogatory precludes Defendant from preparing a defense. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). Also, Plaintiff's noncompliance over the past six months since Defendant made its initial discovery requests lead Defendant to file two motions, one to compel and one for sanctions, as well as an opposition to the request that Plaintiff's counsel made "to stay the plaintiffs' discovery deadline to respond to interrogatories

and requests for production of documents . . . until the plaintiffs secure new counsel." ECF No. 22. Thus, Defendant suffered additional prejudice in the form of added expenses, aggravation, and delay.

With regard to the third factor—Plaintiff's history of dilatoriness or noncompliance and the need to deter such behavior—Plaintiff has yet to comply with the rules of procedure or Court orders regarding discovery in this case, and Plaintiff has not indicated a likelihood of responding to future discovery requests. Conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Plaintiff's failure to respond to Defendant's discovery requests combined with her subsequent willful disregard of a Court order undermines this Court's ability to manage this case effectively and fairly.

As for the last factor, the effectiveness of lesser sanctions than dismissal, Plaintiff's unresponsiveness thus far despite Defendant's good faith efforts and the Court's repeated interventions in the discovery process indicates that further sanctions other than dismissal will not be effective. *See Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3.

In sum, Plaintiff has exhibited contumacious behavior toward the Defendant and the Court, warranting dismissal. *See* Fed. R. Civ. P. 37(b), 37(d) & 41(b). Plaintiff failed to respond to Defendant's discovery request, Defendant's motions, or the Court's order; did not explain why she did not respond; and did not actively pursue her case herself after her attorney withdrew. Plaintiff's noncompliance prejudiced Defendant by withholding information such that it could not build its defense, disrupted the judicial process, and must be deterred. Plaintiff's

noncompliance also has caused delay to Defendant. Moreover, Plaintiff's failure to comply with a Court order and failure to respond to Defendant's filings demonstrates that no measure other than dismissal would be effective and enable this case to proceed forward to its resolution on the merits. Further, this Court warned Plaintiff explicitly in its April 15, 2013 Order that dismissal was a possible sanction for her actions or, more accurately, inaction. *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D. at 60. Therefore, dismissal of Plaintiff's case with prejudice is appropriate.

### III.  ATTORNEY'S FEES

If a party fails to comply with a court order, Fed. R. Civ. P. 37(b)(2)(C) provides that, instead of or in addition to taking action such as dismissing the case, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." However, Rule 37 provides for two exceptions where an award of fees is not mandatory: (1) if "the failure was substantially justified" or (2) if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). A party satisfies the "substantially justified" standard "if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009) (citations omitted). As noted, Plaintiff does not provide any justification, let alone substantial, for her failure to comply with this Court's discovery orders. Additionally, at this time, the Court is unaware of circumstances that would

make an award of expenses unjust. Therefore, Defendant may submit a bill of costs and attorney's fees within fourteen (14) days of this Memorandum Opinion and Order. *See id.* Within fourteen (14) days thereafter, Plaintiff may file a response, which shall be limited to: (1) objecting to the amount of fees and/or their reasonableness, and/or (2) providing a factual basis on which the Court may find that the imposition of attorney's fees would be unfair.

## IV. CONCLUSION

The Court hereby DISMISSES, with prejudice, all of Plaintiff's claims against Defendant. Defendant may submit a bill of costs and attorney's fees within fourteen (14) days of this Memorandum Opinion and Order, with Plaintiff's response, if any, to be submitted within fourteen (14) days thereafter.

A separate order follows.

Dated: July 23, 2013 /S/
Paul W. Grimm
United States District Judge

lyb